1

2

3

4

5

6

7

O

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   JAMES LEE WILLIAMS II,              )    CASE NO. CV 15-0586 BRO (RZ)
                                         )
12                 Plaintiff,            )    ORDER DENYING PLAINTIFF'S
                                         )    MOTION FOR PRELIMINARY
13          vs.                          )    INJUNCTION AND/OR TEMPORARY
                                         )    RESTRAINING ORDER
14   RICHARD B. IVES, ET AL.,            )    (filed Jan. 26, 2015)
                                         )
15                 Defendants.           )
                                         )
16   _____

17          The Court DENIES Plaintiff's motion for a preliminary injunction and/or a

18   temporary restraining order (TRO) for the following reasons.

19          Plaintiff is a federal inmate housed in a high-security section of USP

20   Victorville.  He states that his prison refuses to supply him with pens or pencils for writing

21   legal documents.  He requests a preliminary injunction and/or TRO to lift this restriction.

22   He explains that he faces filing deadlines in two other districts.  The first is a February 6,

23   2015 deadline for filing a 28 U.S.C. § 2255 motion.  The second is, or was, a repeatedly

24   extended deadline of January 5, 2015 – not November 30, 2014 as he states – for filing

25   Objections to a Magistrate Judge's Report.  *Compare* Mem. at 3 (asserting Nov. 30

26   deadline) *with* docket in *Williams v. Fox*, W.D. Okla. case no. 5:13-cv-1280-C, ECF 57

27   (order extending already-extended deadline to Jan. 5).  He had to buy a pencil from another

28

1  inmate in order to able to present the current materials, 29 of which are his own

2  handwritten pages.  The Court will not grant relief for several independent reasons.

3  First, no complaint or other pleading is on file.  Thus, no "case" or

4  "controversy" exists to supply jurisdiction for granting relief.  Moreover, even if the Court

5  construed the current submission so liberally as to see a complaint therein, Plaintiff has not

6  paid the fee for filing it and has not presented an application to proceed *in forma pauperis*

7  (IFP).  Nor is Plaintiff in imminent danger of serious physical injury or otherwise in

8  circumstances that warrant forgoing a filing fee and IFP status.  *Cf.* 28 U.S.C. § 1915(g).

9  The motion also is unpersuasive on the merits.  Plaintiff's case is particularly

10  weak as to the second element of the familiar four-part test in *Winter v. Natural Resources*

11  *Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see generally* FED. R. CIV. P. 65.  He must

12  show that he will suffer irreparable harm absent the requested relief.  For two reasons,

13  Plaintiff cannot do so.  First, Plaintiff can avoid one of the two kinds of harm he fears by

14  simply preparing his § 2255 motion in pencil – and he presumably could *have* prepared his

15  Objections in pencil.  (Also, to the extent that Plaintiff bases his motion on harm arising

16  from missing the already-passed Objections deadline of January 5, the motion is moot.

17  Any harm for missing that deadline cannot be prevented now.)  Second, any possible harm

18  will not be irreparable.  Even if Plaintiff suffers "actual injury" due to the prison's

19  restrictions on supplies, *see Dilley v. Gunn* , 64 F.3d 1365, 1368 n.2 (9th Cir. 1995), he

20  may obtain relief in an appropriate separate action proving the injury.

21  The case is referred to the assigned Magistrate Judge for further proceedings.

22  IT IS SO ORDERED.

23  DATED: February 5, 2015

24

25

26  BEVERLY REID O'CONNELL
   UNITED STATES DISTRICT JUDGE

27

28